Douglas C. MORRISS

v.

The UNITED STATES.

No. 6–55.

United States Court of Claims.

April 3, 1956.

Calvin H. Childress, Washington, D. C., for plaintiff.

Fred W. Shields and King & King, Washington, D. C., were on the briefs.

Alfred J. Kovell, Paxinos, Pa., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before us on defendant's motion for judgment on the pleadings and plaintiff's cross motion for summary judgment.

The pleadings show that plaintiff was a medical officer in the United States Air Force, on duty as an intern in the Jackson Memorial Hospital, Miami, Florida, a private institution. He was assigned there by the defendant for training. While so serving, his meals were provided by the hospital, but notwithstanding this, he sues for the subsistence allowance to which he claims he is entitled under section 301 of the Career Compensation Act, 63 Stat. 802, 812. Defendant in its answer admits the material allegations of fact alleged in the petition.

Section 301(a) reads:

"Except as otherwise provided in this section or by any other provisions of law, each member of the uniformed services entitled to receive basic pay shall be entitled to receive a basic allowance for subsistence in such amount and under such circumstances as are provided in this section. * * * Officers shall, at all times, be entitled to receive a basic allowance for subsistence on a monthly basis. * * *"

There is no doubt that the section relied upon by plaintiff provides that an officer is entitled to an allowance for subsistence "at all times." He gets this allowance whether subsistence is furnished him by the Government or not. If it is furnished by the Government, it is admitted that the officer is required to pay the Government for it. This is done, mechanically, by a bookkeeping entry reducing the amount of the subsistence to which the officer is entitled.

We are of the opinion that the meals which plaintiff ate at the hospital were furnished him by the defendant. The

hospital furnished them to the Government, and the Government in turn furnished them to plaintiff.

There was no written agreement between the Government and the hospital for the furnishing of the meals, but we think the relationship between the parties requires this conclusion. The Government paid plaintiff for his services wherever it desired to use them. It directed that plaintiff serve in this private hospital. The hospital got the benefit of his services, but this was not a benefit conferred by plaintiff, but by the defendant, who was paying plaintiff's salary. Therefore, the hospital's indebtedness, if any, was to the defendant, and not to plaintiff. In regular course of business the hospital furnished meals to the interns serving the hospital, by way of compensation for their services. But it was defendant who made available plaintiff's services and not plaintiff himself. Hence, the compensation in the form of meals was owing to defendant, and not to plaintiff. The meals which plaintiff ate were, therefore, furnished by the hospital to the Government, and in turn by it to plaintiff.

Since the hospital was under no obligation to plaintiff and since it secured the benefit of his services by virtue, not of plaintiff's act, but of the Government's act in detailing him to the hospital, it must be concluded that the hospital furnished the meals to the Government for plaintiff's use. This is tantamount to the Government's having furnished plaintiff his meals. In such case, as stated above, plaintiff is obligated to pay the Government therefor.

The purpose of the subsistence allowance was to relieve an officer of the expense of furnishing himself with food and drink. The purpose of Congress would, therefore, be thwarted if plaintiff were paid a subsistence allowance when meals were furnished him by an agency which did so in discharge of an obligation for services rendered by an agent of the Government in discharge of the agent's duty to the Government.

The underlying principle of this decision is the same as that which underlay our decision in Arronet v. United States, 119 Ct.Cl. 13. There quarters were furnished the members of the Joint United States Military Advisory Group by the Philippine Government. This was required by article 14 of the agreement between the Government of the United States and the Philippine Government. We held that the quarters furnished plaintiff were furnished by the Philippine Government to the United States in fulfillment of this obligation, and that the United States in turn furnished them to plaintiff.

In the case at bar the hospital furnished meals, not in discharge of any obligation to plaintiff, because the hospital was under no obligation to him, but by way of compensation to the Government for furnishing plaintiff's services.

We are of opinion that plaintiff is not entitled to recover. Its motion for summary judgment is denied. Defendant's motion for judgment on the pleadings is granted, and plaintiff's petition is dismissed.

It is so ordered.